UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CR-00073-SEP |
| MATTHEW CAHILL, | ) ) ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Matthew Cahill, represented by defense counsel Rachel Korenblat, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1 through 5 of the Indictment, the Government agrees to move for the dismissal of Counts 16 through 19 and Count 25 at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District

1

relative to the defendant's bank fraud conspiracy, bank fraud, identity theft, and mail theft of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

3. **ELEMENTS:**

As to Count 1, the defendant admits to knowingly violating Title 18, United States Code, Section 1349, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One,** two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit the crime of bank fraud, as charged in the indictment; and

**Two,** the defendant knew the unlawful purpose of the plan and willfully joined in it.

As to Counts 2 through 5, the defendant admits to knowingly violating Title 18, United States Code, Section 1344, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**One,** the defendant knowingly executed a scheme or artifice to obtain the money, funds, or other property owned by or under the control of a financial institution by means of materially false or fraudulent pretenses, representations, or promises; and

2

**Two**, the defendant did so with the intent to defraud; and

**Three**, the financial institution fit the definition in 18 U.S.C. § 20.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning in or about February 2020, and continuing until in or about September 2021, Defendant Cahill, acting with co-Defendants Donald Anderson, Harvey Hale, and others, obtained personal checks, business checks, bank account information, and other personally identifying information of multiple victims by removing outgoing or delivered mail from U.S. Mail mailboxes, residences, and vehicles. The Defendants then altered the checks or created counterfeit checks for the purpose of using said checks for payment at retail stores or depositing or cashing these checks at financial institutions. The total known actual and intended loss from this conspiracy was $67,807.94.

In April 2021 and August 2021, Defendant Matthew Cahill cashed and deposited some of these stolen, altered, or counterfeit checks. Specifically, on August 16, 2021, Defendant Cahill passed or attempted to pass a stolen and altered check at Country Mart, which was check number 5574, drawn on the Citizen's Bank account of victim W.B., in the amount of $200.00. On August 21, 2021, Defendant Cahill passed or attempted to pass a stolen and altered check at Walmart, which was check number 2989 drawn on the US Bank account of victim R.J., in the amount of $539.88. On April 2, 2021, Defendant Cahill passed or attempted to pass a stolen and altered check at Voss Market, which was check number 1026 drawn on the US Bank account of J.R., in the amount of $117.88.

Moreover, on July 30, 2021, Defendant Cahill electronically accessed the Citizens Bank account of W.B. and sent an unauthorized online ACH payment to another individual associated with Defendant Cahill. Defendant Cahill sent this payment knowing he was not authorized to do so.

The defendant admits herein that two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit the crime of bank fraud, as charged in the indictment, and knowing the unlawful purpose of the plan, the defendant willfully joined in it.

The defendant further admits herein that he knowingly executed a scheme to obtain any of the money or funds owned by or under the custody and control of a financial institution by means of materially false or fraudulent pretenses, that he did so with the intent to defraud, and that the financial institution fit the definition of a financial institution in 18 U.S.C. § 20, to wit: by passing or attempting to pass stolen and altered checks drawn on legitimate accounts as listed below:

| Date | Check Number | Victim Bank/Store | Victim Account Holder | Amount |
|---|---|---|---|---|
| 8/16/2021 | 5574 | Citizens Bank/Country Mart | W.B. | $200.00 |
| 8/21/2021 | 2989 | US Bank/Walmart | R.J. | $539.88 |
| 4/2/2021 | 1026 | US Bank/Voss Market | J.R. | $117.88 |

The defendant further admits herein that he knowingly executed a scheme to obtain any of the money or funds owned by or under the custody and control of a financial institution by means of materially false or fraudulent pretenses, that he did so with the intent to defraud, and that the financial institution fit the definition of a financial institution in 18 U.S.C. § 20, to wit: by sending an electronic ACH payment from the Citizens Bank account of W.B., knowing said electronic ACH payment was not authorized, in the amount of $350.00, on July 30, 2021.

4

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty in Counts 1 through 5 is imprisonment of not more than 30 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 5 years.

**6. U.S. SENTENCING GUIDELINES (2023 MANUAL):**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

 **a. Chapter 2 Offense Conduct:**

  **(1) Base Offense Level:** The parties agree that the base offense level for Count 1 is **7**, as found in Section 2X1.1(a) and Section 2B1.1(a)(1). The parties further agree that the base offense level for Counts 2 through 5 is **7**, as found in Section 2B1.1(a)(1).

  **(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: **6** levels should be added pursuant to Section 2B1.1(b)(1)(D) as the total intended loss amount was greater than $40,000 but less than $95,000; and **2** levels should be added pursuant to Section 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims.

 **b. Chapter 3 Adjustments:**

  **(1) Aggravating Role:** The parties agree that **2** levels should be added pursuant to Section 3B1.1(c) because the defendant was an organizer of the criminal activity.

5

(2) **Acceptance of Responsibility:** The parties agree that **3** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(3) **Other Adjustments:** The parties agree that the following additional adjustments apply: none.

c. **Other Adjustment(s)/Disputed Adjustments:** none.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **14**.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline

despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

7

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $500, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e.**  <u>**Possibility of Detention:**</u>  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f.**  <u>**Fines, Restitution and Costs of Incarceration and Supervision:**</u>  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

  **g.**  <u>**Forfeiture:**</u>  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agencies.

**9. <u>ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:</u>**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

9

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except

11

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 2/28/25<br>Date | _____<br>Diane Klocke<br>Special Assistant United States Attorney |
| 2-28-25<br>Date | _____<br>Matthew Cahill<br>Defendant |
| 2-28-25<br>Date | _____<br>Rachel Korenblat<br>Attorney for Defendant |

12